UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| RANDALL HUNTINGTON,<br><br>             Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner,<br>Social Security Administration,<br><br>             Defendant. | CV 14-00494-SH<br><br>MEMORANDUM DECISION<br>AND ORDER |

      This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income Payments. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings, Defendant has filed the certified transcript of record, and each party has filed its supporting

brief. After reviewing the matter, the Court concludes the decision of the Commissioner should be reversed and remanded for further proceedings.

## I. BACKGROUND

Plaintiff Randall Huntington, applied for Disability Insurance Benefits and Supplemental Security Income on April 22, 2010. (AR 17). Plaintiff alleges disability commencing January 15, 2005. (AR 17).

The Commissioner denied the application initially and upon reconsideration. (AR 14-25). A hearing on the claim was conducted on March 6, 2012. (AR 30-70). On March 26, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR 14-25). The Appeals Council denied the request of review. (AR 1-4). Plaintiff commenced this civil action seeking judicial review.

## II. DISCUSSION

Plaintiff makes three challenges to the ALJ's decision of March 26, 2012. Plaintiff alleges the ALJ erred in (1) failing to properly assess Plaintiff's credibility; (2) failing to consider the opinion of Plaintiff's Worker's Compensation Examiner; and (3) failing to find that Plaintiff met or equaled listing 1.06 in 20 CFR Part 404, Subpart P, Appendix 1. For the reasons discussed below, the Court remands this matter based on Plaintiff's first claim of error regarding ALJ's improper credibility determination.

**A.  The ALJ Did Not Properly Consider Plaintiff's Testimony or Make Proper Credibility Findings**

Plaintiff asserts that the ALJ failed to properly evaluate his credibility and assess his subjective complaints. In response, Defendant argues that the ALJ's credibility finding was supported by substantial evidence in the record and based on proper legal ground

When assessing the residual functional capacity, the ALJ must evaluate the intensity, persistence, and limiting effects of the individual symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. Reddick v. Chater, 157 F.3d 715 (9th Cir. 1998). Subjective symptoms are highly idiosyncratic and sometimes suggest a greater severity of impairment than is demonstrated by objective and medical findings alone. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Therefore, once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. Id. at 343.

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Valentine v. Commissioner Social Security Admin., 574 F.3d 685, 693 (9th Cir. 2009); See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990) (For the ALJ to reject the Plaintiff's complaints, she must provide "specific, cogent reasons for the disbelief). Moreover, the ALJ cannot reject the testimony "simply because there is no showing that the impairment can reasonably produce the degree" of alleged symptoms. Smolen v. Chater, 80 F.3d 1273, 2182 (9th Cir. 1996).

At the hearing, Plaintiff alleged he was unable to work due to leg and shoulder pain. (AR 39). The ALJ determined Plaintiff had the following severe impairments: history of fractures to right femur, right tibia, right knee, arthroplasty, bilateral clavicle fractures, status-post open reduction, internal fixation to all areas with retained hardware other than the femur from which he had an intramedullary rod removed. (AR 19). The ALJ found Plaintiff's

"medically determinable impairments could reasonably be expected to cause some of the alleged symptoms however, the claimant's statement concerning the intensity, persistence and limiting effect of these symptoms are not credible to the extent they are consisted with the above medical functional capacity assessment." (AR 21). The ALJ provided the following reasons for finding Plaintiff's statements not credible: (1) Plaintiff's use of a cane, although his doctor told him not to use it; (2) Plaintiff's daily activities- i.e. driving and watching television; and (3) Plaintiff's belief he could perform a "driving job" if he were not required to unload. (AR 21).

The first factor the ALJ considered was Plaintiff's use of a cane. The record indicates the ALJ asked "Do you always use your cane to get around?" (AR 21). Plaintiff responded,

> Lately, yeah. I was told by the doctor to try not to use it because it will strengthen the muscles in my legs because this leg is like a toothpick… but now [my other leg] is starting to hurt so I'm using it quite a bit most all the time now. (AR 54).

From this testimony, the ALJ determined the Plaintiff "admitted he always uses a cane, even though his doctor told him not to use it." (AR 21). This observation provides little, if any, support to discredit Plaintiff's testimony. *See* Orn v. Astrue, 495 F.3d 625, 639-640 (9th Cir. 2007); *see also Gallant v. Heckler,* 753 F.2d 1450, 1455 (9th Cir. 1984). Plaintiff responded to the ALJ's questions, explaining that the cane helped him to cope with the pain and feel more comfortable. Whether prescribed by a doctor or not, Plaintiff did suffer from a "serious" impairment, and his use of a cane even though he was advised to "try not to use it" is not clear and convincing evidence to find him not credible.

The second factor the ALJ considered was Plaintiff's daily activities. (AR 21, 23). The ALJ found, "[d]espite [severe impairments], the Claimant testified he drives and watches television. He acknowledged he has no side effects from

his medication." (AR 21). In determining whether a claimant is credible, the ALJ may consider the nature of his or her daily activities. Smolen v. Chater, 80 F.3d 1273, 2182 (9th Cir. 1996). The Plaintiff's daily activities, if rigorous enough to be a fair proxy for the demands of work, can constitute a basis to find allegation of disability, pain, or other subjective symptoms not credible. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). However, the mere fact that a Plaintiff has carried on modest daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from his overall credibility. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001).

At the hearing, Plaintiff testified that because of the pain, he spends his day in bed or on the couch and watches movies. (AR 53). He testified he walks with a limp, has difficulty with stairs and uses a cane. (AR 39, 43, 54). Additionally, Plaintiff testified he can walk about 100 yards and then has to sit down, he can stand for 15-20 minutes and then needs to sit back down or lay down, and once seated he can sit for about 45 minutes before he has to move because of pain. (AR 43, 52, 54). Plaintiff has difficulty getting up from a seated position and has handrail around his toilet. (AR 43, 49). Plaintiff also testified he is "hooked" on Narco, taking six to eight per day, to relieve the excruciating pain. (AR 49-50).

Plaintiff further testified he is unable to lift and carry anything heavy. (AR 56). Plaintiff had been physically fit, lifted weights, surfed, snow skied, water skied, and was on the wrestling team. (AR 48). Plaintiff no longer anticipated in any recreational activities, not only because of financial limitations, but because "I don't trust myself to go launch a boat or go bouncing around in a Jeep because I can't sit down for very long. I'm handicapped now." (AR 53-54).

Lastly, Plaintiff testified he lived with his fiancée, who quit her job to take care of him. (AR 59-60). She helps Plaintiff with bathing and getting

dressed. (AR 49-50). Plaintiff's fiancée takes care of all the household chores (mows the lawn, vacuum, dusting, mopping), including going to the market. (AR 43, 56). She drives seventy-five percent of the time when they leave the house. (AR 42).

The ALJ observed that Plaintiff's ability to drive twenty-five percent of the time and watch movies in bed contradicts Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms. However, a Plaintiff's daily actives do not detract from his credibility unless he is "able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." See Fair v. Bowen, 885 F2d 597, 603 (9th Cir. 1989). The mere fact of ability to perform some daily activities is not enough because Plaintiff need not be "utterly incapacitated" to be eligible for benefits. Id. at 603. Furthermore, the ALJ did not take into account the many limitations or inabilities Plaintiff asserted in his daily activities. Here, Plaintiff's activities are not inconsistent with subjective symptoms of pain that could prevent him from functioning in a workplace.

The third factor the ALJ considered was Plaintiff's contention that "he thinks he could do a driving job if he were not required to unload." (AR 21). The record indicates Plaintiff testified,

> I would have already had a job if I was capable of doing it… I'm not the type to lay around and let everyone pay for me… But I physically can't figure out what I could possibly do… Maybe I could get a driving job but I don't know how I, you know, what driving job is where you just sit in the car and drive all day and not get out of the car and go do something or unload something? So that kind of rules that out. (AR 55-56).

The ALJ fails to articulate how Plaintiff's statement negatively affects his credibility. Plaintiff's testimony does not contradict his previous statement of disabling pain, as he ultimately rejects any possibility of a "driving job". Furthermore, at the hearing the Vocational Expert ("VE") did not recommend any jobs related to driving. The VE recommended light unskilled work: Bench

6

Assembler, Small Products Assembler, and Assembler in Plastic Hospital Product. (AR 66-68). If the ALJ found Plaintiff's statement was any indication of Plaintiff's residual functional capacity, the ALJ failed to inquire with the VE whether Plaintiff's statements regarding a "driving job" was a viable option or supported the VE's findings regarding other types of work.

      Therefore, the Court finds the ALJ improperly evaluated Plaintiff's credibility. The ALJ did not provide clear and convincing reasons supported by substantial evidence in the record to find Plaintiff not credible regarding his subjective symptoms of disabling pain.

**ORDER**

      For the forgoing reasons, the Decision of the Commissioner is reversed and the matter remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Dated: October 22, 2014

                    STEPHEN J. HILLMAN
                    UNITED STATES MAGISTRATE JUDGE